[Cite as *State v. Mann*, 2020-Ohio-4644.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0045** |
| LOUIS R. MANN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2011 CR 00605.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Louis R. Mann,* pro se, PID: A651-050, Lorain Correctional Institution, 2075 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Louis R. Mann, pro se, filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), and a notice of appeal, on August 5, 2020, from a December 11, 2013 sentencing entry of the Trumbull County Court of Common Pleas.

{¶2} A jury found appellant guilty of counts one and two, aggravated murder with specifications of aggravating circumstances, and count three, aggravated robbery

with a firearm specification. Count three was merged for sentencing with counts one and two, and appellant was sentenced to serve life in prison without parole.

{¶3} A timely notice of appeal from the December 11, 2013 judgment was due no later than January 10, 2014, which was not a holiday or a weekend. Thus, this appeal is untimely filed by nearly six years and nine months.

{¶4} Appellee, the state of Ohio, filed a response in opposition to appellant's motion for delayed appeal.

{¶5} App.R. 5(A)(1) provides:

{¶6} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings * * *"

{¶8} App.R. 4(A)(1) states:

{¶9} "* * * a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 with 30 days of that entry."

{¶10} As reasons for failing to file a timely appeal, appellant asserts that the trial court and his trial counsel failed to inform him of his right to appeal and have counsel appointed to represent him to file an appeal. He claims that he was just made aware of these rights on July 28, 2020, after speaking to an inmate law clerk.

{¶11} Appellee argues that the record belies appellant's claim where the sentencing entry states at ¶ 7 and 8:

2

{¶12} "The Court further advised the Defendant of his right to appeal pursuant to Criminal Rule 32(B) and his right to have appellant [sic] counsel appointed pursuant to Criminal Rule 44.

{¶13} "The Defendant, as well as counsel for the Defendant, on the record and in open court, advised the Court that the Defendant wished to waive his right to appeal. The Court then addressed counsel for the Defendant and further personally addressed and inquired of the Defendant, on the record and in open court, of the consequences of waiving those rights, and hereby finds that the Defendant has knowingly, intelligently, and voluntarily waived his right to appeal and to have counsel appointed for appellate purposes."

{¶14} Upon consideration of the foregoing, we find that appellant's reasons do not justify an over six and one-half year delay in filing his appeal as of right. Therefore, appellant's pro se motion for leave to file a delayed appeal is hereby overruled.

{¶15} Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.